**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4706

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TEDDRICK LAMONT HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00020-TDS-2)

Submitted:  January 14, 2025                          Decided:  January 28, 2025

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teddrick Lamont Hill pled guilty to distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Hill to 151 months' imprisonment and 3 years of supervised release. Hill's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court erred in determining that Hill was responsible under the Sentencing Guidelines for fentanyl quantities recovered from the apartment in which he and his co-defendant distributed drugs and distributed by the co-defendant. The Government declined to file a brief. Hill was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted). Under this standard, reversal is not warranted unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "[I]n order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015) (cleaned up); *see* U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2021).

We conclude that the district court's determinations were not clearly erroneous. The evidence in the presentence report the district court adopted established that Hill and the

2

co-defendant were engaged in the joint criminal enterprise of distributing drugs from 2019 through 2022, including fentanyl quantities distributed by the co-defendant. The pair also worked together to distribute cocaine base and fentanyl from the apartment. The apartment was the place Hill asked a prospective purchaser to visit to purchase cocaine base and was the place where the co-defendant distributed quantities of cocaine base and cocaine. Law enforcement searched the apartment and recovered quantities of marijuana, cocaine base, cocaine, and a quantity of fentanyl. Hill was present at the apartment when the drugs were seized from it, and phone conversations between Hill and the co-defendant established their knowledge of the drugs present there and Hill's view that drugs belonging to him had been seized. Given Hill's awareness of the pair's distribution efforts that included fentanyl, their joint and individual drug dealing activities connected to the apartment, and Hill's presence at the apartment with fentanyl and other drug quantities of which he was aware and a portion of which he claimed to own, we conclude that the district court did not commit reversible error in determining drug quantity. *See Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (noting that this court may find clear error only if the court's findings were "not supported by substantial evidence in the record" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

3

court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*